UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.

Plaintiff,

Case No.:

**COMPLAINT**

- against -

TRAVELERS INDEMNITY COMPANY

Defendant,

------------------------------------------------------------------X

Plaintiff, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ("CON EDISON") by and through its attorneys, Kritzer Law Group, as and for its Complaint against the Defendant, TRAVELERS INDEMNITY COMPANY ("TRAVELERS") respectfully alleges, upon information and belief as follows:

1.    The Plaintiff seeks a Declaration that TRAVELERS has a duty to defend and indemnify CON EDISON in the action titled Evangelista Batista against The City of New York, Consolidated Edison Company of New York, Inc. and C.A.C. Industries, Inc.. bearing Index no. 802614/2024E of the Supreme Court of the State of the New York, County of Bronx ("Underlying Action").

2.    That TRAVELERS wrongfully denied coverage to CON EDISON as an insured under the commercial general liability policy of insurance TRAVELERS issued to C.A.C. Industries, Inc. ("C.A.C.") bearing policy number VTC2K-CO-4E994751-IND-22 for the period of June 29, 2022 to June 29, 2023 ("Travelers Policy").

3.    That TRAVELERS is obligated to reimburse CON EDISON for all expenses incurred by CON EDISON in the defense of the underlying action.

4.    This is an action for declaratory judgment under 28 U.S.C. 2201. This Court has

subject matter jurisdiction over the action pursuant to 28 U.S.C. 1332 because there is complete diversity of citizenship between the Plaintiff and defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. 1391 (b)(2) in that a substantial part of the events giving rise to the claims at issue occurred in this District. Specifically, the Underlying Action for which coverage is sought was filed in the Supreme Court of the State of New York, Bronx County and the accident giving rise to the Underlying Action occurred in Bronx County.

6. That at all times hereinafter mentioned, Plaintiff CON EDISON was and still is a corporation organized and existing under and by virtue of the laws of the State of New York with a principal place of business in the State of New York.

7. That at all times hereinafter mentioned, Defendant TRAVELERS was and still is a Connecticut corporation authorized to do business in the State of New York with its principal place of business in Connecticut.

8. The plaintiff in the Underlying Action alleges that she sustained bodily injuries on February 14, 2023 when she tripped and fell in the crosswalk at the intersection of Andrews Avenue and West Burnside Avenue, in the County of the Bronx, State of New York.

9. That prior to the accident giving rise to the Underlying Action, CON EDISON entered into an agreement with C.A.C. wherein C.A.C. agreed to furnish and supervise, qualified labor, certain materials and equipment, breaking removal, trucking and disposal of various thicknesses of roadway and sidewalks, excavation, trenching and installation of plastic and steel gas services and mains, energizing gas services and mains, performing live gas cutouts, backfilling, installing of base concrete, asphalt binder, parking coordination and final roadway and sidewalk restoration throughout the Bronx.

10. That, pursuant to the agreement, CON EDISON was to be an additional insured under the policy of general liability insurance issued to C.A.C.

11. That TRAVELERS issued the aforesaid policy of general liability insurance to C.A.C. under which CON EDISON was an additional insured and said policy was in effect at all relevant times.

12. That the defense of the underlying action was tendered by CON EDISON to TRAVELERS on or about April 29, 2024.

13. On or about October 10, 2024, TRAVELERS, refused to comply with the demand for coverage for CON EDISON.

14. The denial of coverage by TRAVELERS to CON EDISON was wrongful.

15. That TRAVELERS was obligated to assume the defense of CON EDISON upon tender.

16. That there is a justiciable controversy between the Plaintiff and the Defendant and this Court is requested to grant a declaratory judgment declaring the rights, obligations and relations of the Plaintiff and the Defendant with respect to said controversy and dispute.

**WHEREFORE,** the plaintiff respectfully demands judgment of this Court declaring:

1. That the Plaintiff CON EDISON is an insured under the Travelers Policy.

2. That the Plaintiff CON EDISON is entitled to coverage for the Underlying Action under the Travelers Policy.

3. That Defendant TRAVELERS is obligated to defend and indemnify Plaintiff CON EDISON in the Underlying Action.

4. That Defendant TRAVELERS is obligated to reimburse Plaintiff CON EDISON for all defense costs and expenses incurred in the underlying action.

5. That the Plaintiff have judgment for the costs and disbursements incurred in prosecuting the within declaratory judgment action and.

6. That the Plaintiff have such other and further relief as to this Court may seem just and proper.

Dated: Smithtown, New York
April 8, 2026

Yours, etc.

KRITZER LAW GROUP

By: _____
KARL ZAMURS
Attorneys for Plaintiff
180 East Main Street, Suite 204
Smithtown, New York 11787
(631) 979-4777

TO:   TRAVELERS INDEMNITY COMPANY
One Tower Square
Hartford, Connecticut 06183